UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL PUTMAN,

    Petitioner,

v.

THOMAS WINN,

    Respondent.
_____/

Case No. 16-cv-12705

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

UNITED STATES MAGISTRATE JUDGE
STEPHANIE DAWKINS DAVIS

**OPINION AND ORDER GRANTING STAY AND ADMINISTRATIVELY CLOSING CASE**

**I. INTRODUCTION**

Michigan prisoner Michael Putman ("Petitioner") has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his state criminal proceedings. Petitioner was convicted of second-degree murder, two counts of assault with intent to murder, armed robbery, and possession of a firearm during the commission of a felony following a jury trial in the Wayne County Circuit. He was sentenced to 25 to 50 years imprisonment on the murder conviction, concurrent terms of 15 to 30 years imprisonment on the assault and armed robbery convictions, and a consecutive term of two years imprisonment on the felony firearm conviction in 2013. In his petition, he raises claims concerning the oath to witnesses, the

1

admission of police testimony discussing an anonymous tip, the effectiveness of trial counsel, and a perceived inconsistency in the verdict.

In his pleadings, Petitioner indicates that he has a motion for relief from judgment pending in state court and requests that the Court stay the proceedings and hold his petition in abeyance. For the set forth herein, the Court grants the stay and abeyance request.

## II. ANALYSIS

A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. § 2254 must first exhaust all state remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). A Michigan prisoner must raise each issue he or she seeks to present in a federal habeas proceeding to the state courts for review. The claims must be "fairly presented" to the state courts, meaning that the petitioner must have asserted both the factual and legal bases for the claims in the state courts. *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *see also Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (citing *McMeans*). The claims must also be raised in the state courts as federal constitutional issues. *Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984).

Each issue must be presented to both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990); *Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160.

In this case, it appears that Petitioner exhausted his current habeas claims on direct appeal in the state courts, but that he has additional, potential habeas claims pending on collateral review in the state courts. Petitioner indicates that he filed a motion for relief from judgment with the state trial court concerning his convictions and sentences (although he does not identify any claims) and that he intends to pursue appellate review in the state courts as necessary. As part of his requested relief, he asks the Court to stay the proceedings and hold his petition in abeyance.

Petitioner must complete the state court process before seeking habeas relief in federal court. *Witzke v. Bell*, No. 07-CV-15315, 2007 WL 4557674 (E.D. Mich. Dec. 20, 2007); *Harris v. Prelisnik*, No. 06-CV-15472, 2006 WL 3759945 (E.D. Mich. Dec. 20, 2006). Federal habeas law provides that a habeas petitioner is only entitled to relief if he can show that the state court adjudication of his claims resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. 28

U.S.C. § 2254(d). The state courts must first be given a fair opportunity to rule upon all of Petitioner's claims before he can present them in federal court. Otherwise, the Court cannot apply the standard found at 28 U.S.C. § 2254.

A federal district court has discretion to stay a mixed habeas petition, containing both exhausted and unexhausted claims, to allow a petitioner to present unexhausted claims to the state courts and then return to federal court on a perfected petition. *Rhines v. Weber*, 544 U.S. 269, 276 (2005). Stay and abeyance is available only in "limited circumstances" such as when the one-year statute of limitations poses a concern, and when the petitioner demonstrates "good cause" for the failure to exhaust state remedies before proceeding in federal court, the petitioner has not engaged in intentionally dilatory litigation tactics, and the unexhausted claims are not "plainly meritless." *Id.* at 277-78.

In *Rhines*, the Court adopted the stay and abeyance procedure to specifically address the situation when outright dismissal of a habeas petition could jeopardize the timeliness of a future petition following the exhaustion of state remedies. *Id.* at 275 (noting that if the court dismissed the habeas petition "close to the end of the 1-year period, the petitioner's chances of exhausting his claims in state court and refiling in federal court before the limitation period [expired would be] slim"). Thus, stay and abeyance is generally reserved for those cases where the AEDPA's

one-year limitations period is likely to expire before a habeas petitioner can return to state court to exhaust additional claims and then return to federal court on an amended petition. *See, e.g., Moss v. Hofbauer*, No. 07-10687, 2007 WL 317968, *2–3 (E.D. Mich. Oct. 16, 2007).

Petitioner's current habeas claims are exhausted and the one-year statute of limitations applicable to federal habeas actions, *see* 28 U.S.C. § 2244(d), may pose a concern. The Michigan Supreme Court denied leave to appeal on direct appeal on September 9, 2015. *People v. Putman*, 498 Mich. 873, 868 N.W.2d 636 (Sept. 9, 2015). Petitioner's convictions became final 90 days later, *see Jimenez v. Quarterman*, 555 U.S. 113, 120 (2009) (conviction becomes final when "the time for filing a certiorari petition expires"); *Lawrence v. Florida*, 549 U.S. 327, 333 (2007); S. Ct. R. 13(1), on or about December 8, 2015. Petitioner then had one year to file his federal habeas petition or seek additional state court review. 28 U.S.C. § 2244(d)(2).

It is unclear from the record before the Court when Petitioner filed his motion for relief from judgment with the state trial court. However, he filed the instant habeas petition on July 19, 2016. At that point, over seven months of the one-year period had run (without considering any tolling from the filing of his motion for relief from judgment) and less than five months of the one-year period remained.

5

Accordingly, the Court finds that Petitioner has sufficiently demonstrated the need for a stay. It appears that his claims are not exhausted, and the one year limitations period applicable to habeas actions could pose a problem for him, if this Court were to dismiss the petition to allow further exhaustion of state remedies. 28 U.S.C. § 2244(d)(1). Further, Petitioner's claims do not appear to be "plainly meritless," *Rhines*, 544 U.S. at 277, nor is there an indication of intentional delay.

Therefore, the Court grants Petitioner's motion and stays this case pending his return to the state courts to exhaust his unexhausted claims. However, the Supreme Court in *Rhines* has cautioned that a district court's discretion in structuring the stay is limited by the timeliness concerns in the AEDPA. The *Rhines* Court also stated that a petition should not be stayed indefinitely, and the stay should be conditioned on the pursuit of state remedies within a certain time period after the stay is entered, with the prisoner returning to federal court within a similarly brief period. *Id.* at 277–78. The conditions of the stay are outlined as follows. Provided he has not already, Petitioner must file his motion for post-conviction relief with the appropriate state court, within sixty days from the date of the Court's order. Petitioner must then return to this Court within ninety days of exhausting his state court remedies. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002) (approving similar conditions

6

on stay). If the conditions of the stay are not met, "the stay may later be vacated *nunc pro tunc* as of the date the stay was entered, and the petition may be dismissed." *Id*.

### III. ORDER

Accordingly, Petitioner's request to stay is **GRANTED**. The Court further orders that this action is stayed so Petitioner can exhaust his state-court remedies as to the claims stated in his petition. This stay is conditioned upon Petitioner presenting his unexhausted claims to the state courts within sixty days from the date of this order, providing he has not already done so, and upon his returning to this Court with an amended petition, using the same caption and case number, within ninety days of exhausting his state remedies. If he fails to comply with those conditions, his case may be subject to dismissal.

The Court further orders the Clerk of the Court to close this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of Petitioner's claims.

**IT IS SO ORDERED**.


Dated: August 3, 2016               s/Gershwin A. Drain
                                    GERSHWIN A. DRAIN
                                    United States District Judge

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on **August 3, 2016.**

        s/Shawna Burns on behalf of Tanya R. Bankston
        TANYA R. BANKSTON
        Case Manager & Deputy Clerk